## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN CASTAPHNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:24-165 |
| v. ) | Judge Nora Barry Fischer |
| ) | Magistrate Judge Keith Pesto |
| GARRETT TRENT, ) | |
| ) | |
| Defendant. ) | |

### ORDER OF COURT

AND NOW, this 28th day of January, 2026, upon consideration of the Report and Recommendation filed by United States Magistrate Judge Keith Pesto on January 14, 2025, (Docket No. 9), recommending that after screening Plaintiff Sean Castaphney's Complaint under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), that the Complaint be dismissed, with prejudice, and without leave to amend, as any amendment would be futile, and Plaintiff's Objections which were timely filed on January 27, 2025, (Docket No. 10), this matter having been reassigned to the undersigned for prompt disposition on January 20, 2026, and upon independent review of the record and de novo consideration of the Magistrate Judge's Report and Recommendation, (Docket No. 9),

IT IS HEREBY ORDERED that the Report and Recommendation [9] is ADOPTED, IN PART, and MODIFIED, IN PART.  In this regard, the Court agrees with the ultimate conclusion of the Magistrate Judge that Plaintiff's Complaint is subject to dismissal for failure to state a claim along with the procedural history and factual recitation of the Complaint, but declines to adopt the alternative bases for dismissal;

IT IS FURTHER ORDERED that Plaintiff's Objections [10] are OVERRULED.  To that end, Plaintiff has failed to demonstrate that he has stated a plausible § 1983 claim asserting his Eighth Amendment right to be free from excessive bail against Detective Trent for allegedly making false statements in an ex parte letter he submitted to the local Magistrate Judge at a February 10, 2023 bond hearing.  In this Court's estimation, Plaintiff has failed to allege any facts to suggest that Defendant's letter, indicating that Plaintiff "toted guns" and "distributed narcotics in his community" resulted in excessive bail being set and his own belief is insufficient to state a claim.  *See Swope v. City of Pittsburgh*, 90 F. Supp.3d 400, 412 (W.D. Pa. 2015).  It is the Judge alone who is charged with the responsibility of setting bail, and not a police officer.  *Id.* (citing *James v. York Cnty. Police Dep't*, 160 F. App'x 126, 133 (3d Cir. 2005) ("[I]n Pennsylvania, the district justice, not the police officers, set bail.") (citing Pa. R. Crim. P. 120)).  "Although it is still possible to allege a valid Eighth Amendment excessive bail claim against an individual that lacks authority to set bail, at a minimum the plaintiff must allege that the defendant manipulated the bond decision."  *Yoast v. Pottstown Borough,* 437 F. Supp.3d 403, 427 (E.D. Pa. 2020).  Plaintiff must allege that Defendant "manipulate[d], "helped to shape," or "exercise[d] significant influence over the bond decision."  *Id.*

Here, public records undermine Plaintiff's conclusory allegations and indicate that he is unable to state a plausible claim under this theory.  *See Grasinger v. Caterpillar, Inc*., Civ. A. No. 21-956, 2023 WL 4846843, at *1 (W.D. Pa. July 28, 2023) (quoting *Johnson v. Allegheny Cnty*., No. 2:14-CV-857, 2014 WL 5513769, at *2 n.2 (W.D. Pa. Oct. 31, 2014)) ("It is well established that "[t]his Court may properly take judicial notice of docket entries, documents, and opinions filed in other cases."). In his criminal case in the Court of Common Pleas of Blair County at CP-

2

07-CR-1647-2022, Plaintiff was released on $100,000 bond relating to gun and various drug charges in August of 2022. He eventually pled guilty to those charges. *See* CP-07-CR-1647-2022. While out on bail, Plaintiff was arrested again in February 2023 on additional gun and drug charges, and his bail was increased to $250,000. *See* CP-07-CR-1239-2023 & CP-07-CR-1238-2023. Plaintiff claims in conclusory fashion that this bail amount was excessive but he has not asserted sufficient facts to suggest that anything other than Plaintiff's own criminal history and the pending gun and drug charges "significantly influenced" the bail decision. *See Yoast,* 437 F. Supp.3d at 427; *Swope*, 90 F. Supp.3d at 412. Moreover, he has failed to allege any facts to suggest that his bail was, in fact, excessive in light of the myriad of crimes with which he was charged. *See Swope*, 90 F. Supp.3d at 412. *See also Bradley v. Connor*, Civil No. 13-4099, 2014 WL 1404581, at *3 (D.N.J. April 10, 2014) (dismissing plaintiff's excessive bail claim for failure to state a claim where plaintiff failed to allege any facts to show that his bail was excessive or that defendants proximately caused his bail to be set too high). Therefore, Plaintiff has failed to state a plausible claim that his right to be free from excessive bail was violated and his Complaint is subject to dismissal for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii);

IT IS FURTHER ORDERED that Plaintiff's Complaint [8] is DISMISSED, with prejudice and leave to amend is denied, as futile, *see Grayson v. Mayview State Hospital*, 293 F.3d 103 (3d Cir. 2002);

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED; and,

FINALLY, IT IS ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

             *s/ Nora Barry Fischer*
             Nora Barry Fischer
             Senior U.S. District Judge

cc/ecf: United States Magistrate Keith Pesto

cc:  Sean Castaphney
   1704641
   Blair County Prison
   419 Market Square Alley
   Hollidaysburg, PA 16648
   (via first class mail)